United States District Court
Southern District of Texas
**ENTERED**
November 10, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE ROSAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-365 |
| | § | |
| LEO GONZALES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DISMISSING CASE

In this civil rights action filed pursuant to 42 U.S.C. § 1983, Plaintiff George Rosas, a former pretrial detainee at the Bexar County Detention Center, alleges his constitutional rights were violated when law enforcement and prosecution authorities revealed his identity as a confidential informant. Plaintiff had exonerated a person accused of murder during a debriefing and he believed his cooperation would remain anonymous.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S.

519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, Plaintiff's claims against former Nueces County Assistant District Attorney Leo Gonzales, Corpus Christi Police Department Detective Eddie Alvarado, and Nueces County are dismissed for failure to state cognizable § 1983 claims and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION.

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Upon consent of the Plaintiff (D.E. 6), this case was referred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 9). *See* 28 U.S.C. § 636(c).

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a former member of the Texas Syndicate prison gang (TS), but has since become disassociated with that organization. Plaintiff currently resides in Corpus Christi, Texas and is employed as a welder.

On August 27, 2015, Plaintiff filed the instant lawsuit and named as Defendants: (1) Leo Gonzales, a former Nueces County Assistant District Attorney (A.D.A.); (2) Nueces County; and (3) Eddie Alvarado, a homicide detective with the Corpus Christi Police Department (CCPD). (D.E. 1).

On June 5, 2015 a *Spears*[1] hearing was held. The following allegations were made in Plaintiff's original complaint (D.E. 1) or at the hearing, and for purposes of screening are set forth from Plaintiff's perspective.

**(1)     The Bexar County arrest.**

On April 12, 2014, Plaintiff was arrested in San Antonio, Texas for allegedly violating a protective order based on a complaint filed by his ex-wife. After it was determined that there was no protective order, the charge against him was changed to felon in possession of a firearm in *State v. Rosas,* Criminal Action No. 2014-CR-5767, in the 226th Judicial District Court, Bexar County, Texas. Plaintiff was taken to the Bexar County Detention Center (BCDC).

**(2)     Assistance provided to law enforcement authorities.**

While in the BCDC, on June 24, 2014, Plaintiff met with an investigator with the Bexar County Sheriff's Department and an FBI agent to provide certain information about two open murder cases pending in Corpus Christi, the Sea Ranch Motel murder and the Budget Inn Motel murder, as well as other activities involving the TS. (D.E. 1, ¶ 9). These law enforcement officials indicated to Plaintiff that, if his information was useful, the criminal charges against him would be dismissed. *Id.* The debriefing was video recorded. (D.E. 1, ¶ 10).

On June 25, 2014, Defendant Alvarado and another CCPD detective interviewed Plaintiff at the BCDC about the Sea Ranch Motel murder. (D.E. 1, ¶ 11). Defendant Alvarado also inquired about a car wash murder that had occurred in Corpus Christi and that was currently under investigation. Plaintiff told Alvarado that the main suspect in the car wash

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985*); see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

murder, Anthony Diaz, was innocent. (D.E. 1, ¶ 12). After the interview, Detective Alvarado indicated to Plaintiff that he would initiate some "paperwork" to have the pending criminal charges against Plaintiff dismissed in exchange for the information he had provided. (D.E. 1, ¶ 13).

Plaintiff did not receive any paperwork from Alvarado or the Bexar County law enforcement authorities concerning dismissal of his criminal charges based on his providing information to authorities on June 24 and 25, 2014. Plaintiff's defense counsel contacted the Bexar County District Attorney and she advised him that she had no knowledge of charges being dropped against Plaintiff based on his cooperating with law enforcement authorities. (D.E. 1, ¶ 14). By letters dated July 23 and 28, 2014, Plaintiff complained to the trial court judge and to the Bexar County District Attorney (D.A.) asking that the officers' conduct be investigated.[2] (D.E. 1, ¶ 15). By letter dated August 19, 2014, Plaintiff complained to Nueces County D.A. Mark Skurka about Detective Alvarado's conduct. (D.E. 1, ¶ 16).

In August or September 2014, Nueces County Assistant District Attorney Leo Gonzales showed Anthony Diaz, the suspect in the car wash murder case, the June 24, 2014 video recording of Plaintiff talking with law enforcement authorities. (D.E. 1, ¶ 17). Diaz' attorney

---

[2] On September 14, 2014, Plaintiff filed a § 1983 lawsuit in the Western District of Texas, San Antonio Division, against (1) Susan Reed, the Bexar County D.A., (2) David Davila, the Bexar County criminal investigator who interviewed him on June 24, 2014, and (3) CCPD Detective Alvarado. On February 2, 2015, Judge Xavier Rodriguez dismissed Plaintiff's lawsuit with prejudice for failure to state a constitutional violation noting that his claims against the D.A. were barred by prosecutorial immunity and that, unless or until the criminal charges against him were vacated or set aside, he was being validly detained and had no claim for damages. (*See Rosas v. Reed, et al.,* Case No. 5:14-cv-827-XR (W.D. Tex., Feb. 2, 2015), D.E. 22). Plaintiff appealed, and on July 9, 2015, the Fifth Circuit dismissed his appeal for want of prosecution for failure to pay the filing fee. (*Id.*, D.E. 33).

told Plaintiff that the video recording was shown to suggest that Plaintiff would talk to law enforcement authorities about TS members.

On September 29, 2014, Plaintiff was transferred from BCDC to the Nueces County Jail to testify at Diaz' trial on Diaz' behalf. Because word had gotten out that Plaintiff had cooperated with law enforcement authorities, it was not safe to house him in general population, so Plaintiff was placed in protective custody while at the Jail.

The Diaz trial was scheduled for October 2, 2014. On that day, A.D.A. Gonzales dismissed the murder charge against Diaz. Diaz is currently serving a five year sentence on another charge.

After dismissal of the Diaz case, Plaintiff was returned to the BCDC. However, because the video recording had become known to TS gang members, Plaintiff had to be housed in protective custody.

On July 1, 2015, the criminal charge against Plaintiff for felon in possession of a firearm was dismissed. However, a blue warrant was pending thus delaying Plaintiff's release until August 6, 2015.

**(3)  Relief.**

According to Plaintiff, his statement regarding the Sea Ranch Motel murder was never to be shown outside of law enforcement authorities, let alone used in an attempt to persuade Anthony Diaz to accept a plea bargain in his criminal case.[3] As a consequence of the video recording being used in the prosecution of Anthony Diaz, Plaintiff has now been labeled as a "snitch" and his life is in danger. Plaintiff seeks a declaratory judgment that A.D.A. Gonzales, Nueces County, and Detective Alvarado violated his constitutional rights when they exposed

---

[3] How the disclosure of Plaintiff exonerating Anthony Diaz would cause Mr. Diaz to accept a plea bargain is unclear.

him as an informant in an attempt to gain leverage in Diaz' murder trial, thus placing Plaintiff's life in danger. Plaintiff seeks compensatory and punitive damages.

## III. LEGAL STANDARD.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Establishing a supervisor's deliberate indifference generally

requires a plaintiff to demonstrate "at least a pattern of similar violations." *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir. 2006) (citations omitted).

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

## IV. DISCUSSION.

### A. Nueces County Assistant District Attorney Leo Gonzales.

Plaintiff claims that A.D.A. Gonzales showed Diaz, another TS member, and their attorneys the June 24, 2014 video of Plaintiff meeting with law authorities to suggest that Plaintiff was providing confidential information about TS activities in an attempt persuade these defendants to plead guilty or cooperate with authorities in other criminal matters.[4] Plaintiff argues that this violated his constitutional rights.

Criminal prosecutors enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the State's case. *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). The Supreme Court has noted:

> [A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings, or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those

---

[4] In the June 24, 2014 recording, Plaintiff did not discuss the car wash murder or Anthony Diaz and it was always Plaintiff's intention to testify as to Diaz' innocence regarding to the car wash murder. However, the mere fact that Plaintiff talked with law authorities was enough to make him suspect with TS members and he had been assured that the video would be kept confidential.

acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial....

*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Graves,* 1 F.3d at 318. This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony. *Id.* at 318, n. 9; *see also Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) (concluding that state prosecutors were absolutely immune from a § 1983 action predicated on malicious prosecution), *cert. denied*, 504 U.S. 965 (1992); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.").

Plaintiff testified that he had a "deal" with Detective Alvarado that the June 24, 2014 video recording would not be shown; however, Plaintiff does not claim that he had any deal with A.D.A. Gonzales or that Gonzales even considered Plaintiff to be a confidential informant. Moreover, Plaintiff did not have an agreement with A.D.A. Gonzales that, in exchange for his testimony, he would receive any favorable treatment, nor does he allege that A.D.A. Gonzales made him any other promise. *See San Pedro v. United States,* 79 F.3d 1065, 1068-69 (11th Cir. 1996) ("[f]or the government to be bound by agreements in plea situations, the agent making the promise must be authorized to do so, and second, the defendant must detrimentally rely on the promise."). Plaintiff does not claim that he ever personally spoke to A.D.A. Gonzales, let alone that Gonzales had the authority to make an agreement and that Plaintiff relied on that agreement to his detriment. Gonzales' use of the video was strictly within his role as prosecutor in the Diaz criminal case. That Gonzales used the video to

suggest that Plaintiff was a cooperating informant to leverage a deal with Diaz does not violate a constitutional right of Plaintiff, and even if it did, Gonzales is entitled to absolute immunity. Accordingly, Plaintiff's claim against former A.D.A. Leo Gonzales is dismissed with prejudice.

    **B.    Nueces County.**

Plaintiff has sued A.D.A. Gonzales employer, Nueces County, for violating his constitutional rights. A municipality will be liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation). Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.1984) (en banc)). There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right. *Id.* at 264. An

isolated incident is not sufficient to show a custom. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984) (en banc), *cert. denied*, 472 U.S. 1016 (1985).

Plaintiff fails to offer any evidence to suggest that an official policy or custom of Nueces County promoted, encouraged, or authorized A.D.A. Gonzales from showing the video recording in an attempt to elicit a confession from Anthony Diaz. In the area of confidential informant law, it is usually the authorities who have an interest in *not disclosing* the identities of their informants. *See Rovario v. United States,* 353 U.S. 53, 59 (1957) (recognizing the *government's privilege* "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law.") (emphasis added). Moreover, the informant privilege does not apply when the informant's identity has already been disclosed. *Rovario,* 353 U.S. at 60. Plaintiff has not identified on what date A.D.A. Gonzales allegedly showed the video recording to Diaz and others, but Plaintiff had already filed a civil action in San Antonio by September 14, 2015, before Diaz' criminal case was dismissed, complaining about Detective Alvarado, and effectively making this disclosure himself.

As noted above, Plaintiff had no agreement with Nueces County concerning his identity being kept secret. Moreover, Plaintiff admitted that he was offering testimony to law enforcement officials about the Sea Ranch Motel murder both in exchange for having the Bexar county charges against him dismissed, but also, because he was attempting to turn his life around. Further, Plaintiff testified at the Spears hearing that in 2012, he attempted to provide Corpus Christi law enforcement authorities with details about the Sea Ranch Motel murder as well as about other crimes, but they did not follow up on the information. Plaintiff's

own testimony defeats any claim that Nueces County has an unconstitutional custom or practice of disclosing its confidential informants. Accordingly, Plaintiff's claim against the County is dismissed with prejudice.

### C. Corpus Christi Police Department Detective Eddie Alvarado.

Plaintiff is suing Detective Alvarado in his individual capacity[5] alleging deliberate indifference to his health and safety in violation of his Eighth Amendment rights. Plaintiff claims that Detective Alvarado knowingly placed Plaintiff at risk of harm by giving the June 24, 2014 video recording to A.D.A. Gonzales to use in the car wash murder case when it was Plaintiff's understanding that the recording was to be used only in the Sea Ranch Motel murder case, and with his prior knowledge and approval.

The Fifth Circuit has noted that, because both pretrial detainees and convicted prisoners are "similarly restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of 'basic human needs.'" *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996). However, pretrial detainees and convicted prisoners look to different constitutional provisions for their respective rights to basic needs such as medical care and safety. The constitutional rights of a convicted state prisoner stem from the Eighth Amendment's prohibition on cruel and unusual punishment. *Hare*, 74 F.3d at 639, citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The constitutional rights of a pretrial detainee flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment. *Id.,* citing

---

[5] Plaintiff did not name Alvarado's employer, the City of Corpus Christi, as a defendant, nor did he offer any facts to suggest that the city has an unconstitutional policy or plan regarding its confidential informants for purposes of § 1983 liability.

*Bell v. Wolfish*, 441 U.S. 520 (1979). *Bell* holds that a State may not punish a pretrial detainee. *Id.* The Fifth Circuit has thus reasoned that:

> Since the State *does* punish convicted prisoners, but *cannot* punish pretrial detainees, a pretrial detainee's due process rights are said to be "at least as great as the Eighth Amendment protections available to a convicted prisoner."

*Hare*, 74 F.3d at 639.

Thus, regardless whether the inmate is a pretrial detainee or a convicted prisoner, the standard of liability is the same for episodic acts or omissions of jail officials that use excessive force or fail to protect an inmate from being harmed by another inmate or officer. *Id.* at 650. *See also Hamilton v. Lyons*, 74 F.3d 99, 104 n. 3 (5th Cir. 1996).

For a law enforcement official to be held liable under the Eighth Amendment for failure to protect, a prisoner must prove that the official knew of and disregarded an excessive risk to the inmate's safety; was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and also drew the inference; and failed to take reasonable remedial action. *Farmer v. Brennan*, 511 U.S. 825, 842-45 (1994). *Id.* at 842-45. "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation cannot under our cases be condemned as infliction of punishment." *Id.* at 846. A plaintiff, however, need not wait for a "tragic event" such as an actual assault before obtaining relief.[6] *Id.* at 845.

---

[6] Judge Xavier Rodriguez dismissed Plaintiff's failure to protect claim against Detective Alvarado noting that pretrial detainees have only Fourteenth Amendment due process claims against *prison officials* for failure to protect, and that Detective Alvarado, as a police officer, could not provide the protective injunctive relief required. (*See* Case No. 5:14-cv-827-XR, D.E. 22, p. 16-17). Judge Rodriguez recommended that Plaintiff sue the Nueces County Jail for injunctive relief. *Id.*

Plaintiff is no longer in custody. He claims that a state actor, acting under color of state law, knowingly placed him at a substantial risk of harm, for which he now seeks monetary damages. There may be circumstances where a law enforcement officer disclosing the identity of a confidential informant raises a non-frivolous Eighth Amendment claim. *See White v. Fox,* 470 Fed. Appx. 214, 223 (5th Cir. 2012)(noting that being labeled a "snitch" creates a failure to protect claim). However, Plaintiff has not raised such a claim.

Defendant Alvarado, in his capacity as a Corpus Christi Police Department Detective, shared Plaintiff's debriefing with Defendant Gonzales, a state prosecutor. There is no suggestion by Plaintiff that Defendant Alvarado was involved in the decision to disclose Plaintiff's identity as an informant to anyone other than the state prosecutor. Law enforcement authorities are required to share information with their prosecutors. It would be an untenable situation for Detective Alvarado to be subject to liability for sharing Plaintiff's debriefing with a prosecutor. The fair and efficient administration of the criminal justice system requires law enforcement officers to share information with prosecutors. The failure to share information or disclose relevant facts may prejudice the rights of the accused. In fact, Plaintiff has alleged that he exonerated or provided exculpatory information about TS gang member Anthony Diaz who was charged with murder. During his debriefing, Plaintiff told Defendant Alvarado Mr. Diaz was innocent of that charge. The state prosecutor was required to disclose this exculpatory information to counsel for Mr. Diaz. *See Brady v. State of Maryland,* 373 U.S. 83, 83 (1963)("the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

Based on these facts, Plaintiff has failed to state a cognizable claim as to Detective Alvarado. Accordingly, Plaintiff's Eighth Amendment claim against Detective Alvarado in his individual capacity is dismissed.

### D. State law tort claims.

Plaintiff claims that Nueces County D.A. Mark Skurka allowed his subordinate, A.D.A. Gonzales, to use the June 24, 2014 video to commit the intention tort of conspiracy and retaliation, and therefore, Nueces County is liable to him for damages under the Texas Tort Claims Act (TTCA). (D.E.1, ¶ 27). He claims further that by intentionally revealing Plaintiff's identity as an informant, Defendants committed the tort of civil conspiracy and caused Plaintiff intentional infliction of emotion distress in violation of Rule 4 of the Texas Rules of Professional Conduct, Tex. Civ. Prac. & Rem. Code, § 108.002. (D.E.1, ¶ 28). Finally, Plaintiff claims that A.D.A. Gonzales used the video knowing it was false and to harm Plaintiff, and this action constitutes fraud and the misuse of information in violation Tex. Civ. Prac & Rem. Code, § 12.002. (D.E.1, ¶ 29).

### (1) Texas Tort Claims Act.

The State of Texas has sovereign immunity and its municipalities and political subdivisions have governmental immunity from claims for damages except where the Legislature waived the immunity in the TTCA, Tex. Civ. Prac. & Rem. Code. § 101.021. *See Humphreys v. City of Ganado, Texas,* 467 Fed. Appx. 252, 256 (5th Cir. 2012). "Sovereign immunity" relates to the State of Texas' immunity from suit and liability, while "governmental immunity" protects cities, counties, school districts and other political subdivisions from suit and liability. *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 n. 3 (Tex. 2003). The

Texas Legislature's limited waiver of sovereign immunity is for tort claims arising out of the use of publicly owned automobiles, for premises defects, and for injuries arising out of conditions or use of property.  Tex. Civ. Prac. & Rem. Code. § 101.021.  It does not waive immunity for intentional torts, such as assault and battery, malicious prosecution, false arrest, or intentional infliction of emotional distress.  *See e.g., Muhammad v. Newell,* 2009 WL 2482142, at *3 (N.D. Tex. Aug. 12, 2009) (limited waiver of TTCA "does not extend to claims arising out of assault, battery, false imprisonment, or any other intentional tort"); *Chalmers v. City of Dallas,* 2014 WL 1778946, * 4 (N.D. Tex. May 5, 2014) (false imprisonment).

Plaintiff complains of the intentional tortious acts of A.D.A. Gonzales and Detective Alvarado to hold Nueces County liable.  However, such intentional torts are barred from suit by governmental immunity, and the TTCA has not waived liability.  Accordingly, those claims are dismissed.

**(2)    Use of a fraudulent document.**

Plaintiff cites to § 12.022, Tex. Civ. Prac. & Rem. Code for the proposition that it is unlawful to use a fraudulent document or other record with the intent to cause physical injury, financial injury, or mental anguish/emotion distress.  However, at the *Spears* hearing, Plaintiff admitted that he is not claiming that the video recording is false or has been altered.  This claim is dismissed.

## V.     CONCLUSION.

For the reasons stated herein, all of Plaintiff's federal and state claims are dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

ORDERED this 10th day of November, 2015.

_____
Jason B. Libby
United States Magistrate Judge